IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THASHA A. BOYD,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, Federal Tort Claims Act Section, Torts Branch, Civil Division, and UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor,<br><br>  Defendants. | 1:14-cv-4132-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Thasha A. Boyd's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.   BACKGROUND

On December 31, 2014, Plaintiff field her Application for Leave to Proceed *In Forma Pauperis* [1] ("Application") in this action. On January 2, 2015, Magistrate Judge Janet F. King granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's *pro se* Complaint alleges causes of action under the Federal Tort Claims Act ("FTCA") and the Fifth and Fourteenth Amendments against Defendants U.S. Department of Labor ("USDOL") and U.S. Department of Justice ("USDOJ") (together, "Defendants"). Plaintiff was an employee of the USDOL. (See Compl. ¶ 22). It appears from the context of Plaintiff's Complaint that the USDOL terminated her employment, and Plaintiff appealed her termination. Plaintiff alleges that, on July 11 and 26, 2012, at hearings for two of Plaintiff's Merit System Protection Board ("MSPB") "case(s)/appeal(s) against the U.S. Department of Labor," two USDOL employees, Kathleen Kurth and Michael Holsten, committed perjury by giving false testimony regarding Plaintiff. (Compl. ¶¶ 9-13). Plaintiff alleges "USDOL also suborned the perjury of the USDOL employees." (Id. ¶ 15). Plaintiff alleges that the USDOJ, which represented the USDOL on Plaintiff's appeal of the MSPB's decision against Plaintiff, conspired with the USDOL "to conceal the perjury and subordination of perjury of USDOL's employees." (Id. ¶¶ 17, 19).

Plaintiff alleges that, as a result of these actions, Plaintiff was discharged from her USDOL employment, has been unable to find new employment, and has filed for bankruptcy. (Id. ¶ 22). Plaintiff's FTCA claim is based on the allegations of perjury, and she also contends Defendants' actions constitute "abusive litigation,

ratification of tort(s), and an intentional infliction of emotional distress." (Id. ¶ 25).

## II. DISCUSSION

### A. Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiff claims that the USDOJ and USDOL are liable under the FTCA for the alleged acts of perjury and "subordination of perjury" committed by their employees.  The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims.  Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006).  A federal agency may not be sued under the FTCA.  Lipkin v. U.S. Sec. and Exchange Comm'n, 468 F. Supp. 2d 614, 624 (S.D.N.Y. 2006) (citing 28 U.S.C. § 2679(a)).  Further, a claim based on perjury or concealment of evidence "fall[s] outside the limited waiver of sovereign immunity provided by the FTCA."  Id. at 616 (citing 28 U.S.C. § 2680(h)).

Plaintiff brings this action against the USDOJ and USDOL, but the FTCA requires her to bring the action against the United States.  See Lipkin, 468 F. Supp. 2d at 624; 28 U.S.C. § 2679(a).  Even if Plaintiff brought this action against the appropriate party, her claims are based on perjury and concealment of evidence, and thus fall outside of the scope of the FTCA.[1]  See id. at 616; 28 U.S.C.

---

[1]   Plaintiff's allegations of "abusive litigation" also falls outside the scope of the FTCA.  See 28 U.S.C. § 2680(h) (listing "malicious prosecution" as outside the scope of the FTCA).
  Plaintiff's claim of intentional infliction of emotional distress, however, is allowed under the FTCA.  See Gonzalez-Gonzalez-Jimenez de Ruiz v. United States, 231 F. Supp. 2d 1187, 1198 (M.D. Fla. 2002) (citing Baird v. Haith, 724 F.

§ 2680(h). Plaintiff therefore fails to state a FTCA claim on which relief can be granted.

Plaintiff also claims Defendants' actions deprived Plaintiff of her constitutional right of due process, in violation of the Fifth and Fourteenth Amendments. "[T]he Fourteenth Amendment applies only to states and state actors, not federal agencies or employees." Shell v. HUD, 355 F. App'x 300, 307 (11th Cir. 2009). Defendants are federal agencies, making Plaintiff's Fourteenth Amendment claims void.

Plaintiff's procedural due process claim under the Fifth Amendment also fails.[2] "In order to be entitled to procedural due process, [Plaintiff] must establish

---

Supp. 367, 376 (D. Md. 1988)). In Georgia, a claim for intentional infliction of emotional distress must show the following elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress must be severe. Standard v. Falstad, ⸻ S.E.2d ⸻, ⸻, 2015 WL 6987101, at *4 (Ga. Ct. App. 2015). To qualify as sufficiently "extreme and outrageous," the conduct at issue "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. (internal quotation marks omitted). Here, Plaintiff's allegations of perjury and a conspiracy to conceal perjury leading to Plaintiff's job loss cannot meet this exceptional standard. The Court determines her intentional infliction of emotional distress claim is frivolous because it "has little or no chance of success," and is "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).
[2] "Due process claims are categorized as procedural or substantive. Substantive due process claims generally involve laws limiting the liberty of all

6

that [s]he had a property interest that was abridged.  Tie Qian v. Shinseki, 747 F. Supp. 2d 1362, 1367 (S.D. Fla. 2010) (citing U.S. Const. amend. V).  "A property interest exists when one has a 'legitimate claim of entitlement' to a right arising from such sources as state statutes and employment contracts."  Abernathy v. City of Catersville, Ga., 642 F. Supp. 529, 532 (N.D. Ga. 1986).[3]  However, "[i]t is clear that an at-will employee . . . has no property interest in [her] continued employment."  Tie Qian, 747 F. Supp. 2d at 1367 (citing Davis v. Mobile Consortium of CETA, 857 F.2d 737, 741 (11th Cir. 1988)); see also LaFleur v. Hugine, 587 F. App'x 536, 542 (11th Cir. 2014); Adams v. Bainbridge-Deactur Cty. Hosp. Auth., 888 F.2d 1356, 1366 (11th Cir. 1989).

Here, Plaintiff failed to include any allegations regarding her employment with the USDOL showing that she had a property interest that was abridged.  There is no employment contract or other evidence or allegation to indicate that Plaintiff was anything but an at-will employee.  See Bishop v. Wood, 426 U.S. 341, 345-47

---

persons to engage in certain activities. This case involves the conduct of government employees which allegedly deprives the Plaintiff[] . . . of a [property] interest. Thus, the claim is not a substantive due process claim, and is more accurately analyzed under procedural due process."  Thrower v. Ziegler, No. 3:11-cv-1124-MEF, 2012 WL 3431854, at *3 (M.D. Ala. July 26, 2012).

[3]     Where an individual's property interests are deprived, the Fifth Amendment "requires notice and an opportunity to be heard before any governmental deprivation of a property or liberty interest."  Grayson v. King, 460 F.3d 1328, 1340 (11th Cir. 2006).

(1976) (a unilateral expectation of continued employment does not suffice). Thus, Plaintiff fails to state a Fifth Amendment claim on which relief can be granted. Because all of Plaintiff's claims fail, Plaintiff's Complaint is required to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint [3] is **DISMISSSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 15th day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE